# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BENJAMIN TARANGO,

      Petitioner,

v.                                   Case No: 8:12-cv-1469-T-30TBM

UNITED STATES OF AMERICA,

      Defendant.

_____/

## ORDER

Petitioner, Benjamin Tarango, an inmate in the Federal penal system proceeding pro se, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). This Court has considered the petition, Respondents' response (CV Dkt. 7), and Petitioner's reply (CV Dkt. 12). Upon review, this Court determines that the petition must be denied because Tarango's claims fail on the merits.

## BACKGROUND

Petitioner entered an open plea of guilty on March 24, 2011, to Count One of possessing methamphetamine on March 25, 2010, and Counts Two through Five of possessing with intent to distribute five grams or more of methamphetamine on March 26, March 26 (separate sale), March 29, and May 5, 2010, respectively. Prior to accepting the plea, the Court determined Petitioner was entering a knowing and voluntary plea with an understanding of the charges and penalties against him, as well as the rights Petitioner was relinquishing. (CR. Dkt. 37)

Prior to sentencing, the United States Probation Office ("USPO") calculated Petitioner's base offense level at 32, pursuant to USSG §2D1.1(C)(4), minus 3 levels pursuant to USSG §3E.1.1(a) and (b) for Petitioner accepting responsibility, resulting in an offense level of 29. (PSR p. 6). The USPO calculated the advisory imprisonment range for Petitioner to be 108-135 months. (PSR p. 7). On July 6, 2011, this Court sentenced Petitioner to 120 month's imprisonment, concurrent as to each count, to be followed by 60 months' supervised release. (CR Dkt. 39, p. 17). The Court informed Petitioner of his appeal rights, giving Petitioner a form entitled "Declaration of Intent to Appeal", and directed Petitioner to complete the form indicating whether he wished to appeal. (CR Dkt. 39, p. 19). Petitioner stated he did not wish to appeal. (CR Dkt. 39, p. 19).

On July 2, 2012, Petitioner filed the instant habeas motion. (CV Dkt. 1). Petitioner raises four claims alleging his counsel was constitutionally ineffective for:

1.  failing to advise Petitioner of any plea offer;

2.  advising Petitioner not to file a notice of appeal, when Petitioner "feels" his sentence was unreasonable;

3.  failing to argue at sentencing the "reasonableness" of the sentence because of the low amount of drugs; and

4.  failing to show Petitioner any discovery or evidence pertaining to the charges.

### **STANDARD OF REVIEW**

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable

*Strickland*, 466 U.S. at 687.

In order to prevail on an ineffective counsel claim*, Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**Timeliness:**

Tarango's petition, filed on July 2, 2012, is timely pursuant to the one-year limitation period of 28 U.S.C. § 2255 ¶ f(1).  Tarango's conviction became final on July 21, 2011, when the time for filing a direct appeal passed. Therefore, Tarango had until July 21, 2012, to file his § 2255 motion.

## DISCUSSION

**Ground One:**     Counsel was ineffective due to counsel not advising Petitioner of any plea offer.

Petitioner alleges that he was not told of any plea offers by his counsel, a violation of his 6th Amendment right to counsel. (*McMann v. Richardson*, 397 U.S. 759,771 n.14 (1970).

Petitioner's allegation fails for lack of prejudice[1] from counsel's alleged error. In order to satisfy the second prong of *Strickland*, Petitioner must demonstrate that counsel's error prejudiced him because"[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the

---

1. Notably, Petitioner never explicitly states that a plea offer was made by the Government, nor how he would know of such offer if it was not passed along to him.  He does not attach an affidavit from any witness, or himself swear, that a formal plea offer was made to counsel that was not passed on to him.  However, Counsel Jenny Devine's sworn Affidavit (CV Dkt. 7 Exhibit A) stated that on multiple occasions she discussed Petitioner's plea offers with him.  According to Counsel's sworn affidavit, on both February 24 and March 3 of 2011, Counsel reviewed trial versus plea options with Petitioner, but Petitioner was adamant about not accepting any plea agreement involving cooperating, which all offers did. Ms. Devine's affidavit does not state what the offers were for – it does not indicate that any of the offers if accepted would have resulted in a lower advisory guidelines range.

error had no effect on the judgment." *Strickland v. Washington, 466 U.S.* 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.

Petitioner speculates that the Government would have allowed him to plead to only Count V involving his sale on May 5, 2010, of 28.8 grams (actual) of methamphetamine. This was the largest sale covered by the Counts. Even had Petitioner pled to only this one Count, his sentence would have been the same. Sentencing guideline § 1B1.3(a)(2) requires that all relevant conduct be included in calculating the base offense level:

### §1B1.3.   Relevant Conduct (Factors that Determine the Guideline Range)

(a)     Chapters Two (Offense Conduct) and Three (Adjustments).  Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following:

* * *

(2)  solely with respect to offenses of a character for which §3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction;

Application note 3 gives an example that fits this case perfectly:

"Offenses of a character for which §3D1.2(d) would require grouping of multiple counts," as used in subsection (a)(2), applies to offenses for which grouping of counts would be required under §3D1.2(d) had the defendant been convicted of multiple counts. Application of this provision does not require the defendant, in fact, to have been convicted of multiple counts. For example, where the defendant engaged in three drug sales of 10, 15, and 20 grams of cocaine, as part of the same course of conduct or common scheme or plan, subsection (a)(2) provides that the total quantity of cocaine

involved (45 grams) is to be used to determine the offense level even if the defendant is convicted of a single count charging only one of the sales.

Because Petitioner's guideline range and sentence would have been the same, he was not prejudiced, and this ground fails.

**Ground Two:**     Counsel was ineffective because counsel advised Petitioner not to file a notice of appeal, even though Petitioner "feels" his sentence was unreasonable.

Petitioner is claiming that by advising Petitioner not to file a notice of appeal, counsel was deficient in her performance. For counsel's performance to be deficient under *Strickland*, it must be established that given all the circumstances, counsel's performance was outside the range of professional competence. See *Strickland*, 466 U.S. at 690. Petitioner has alleged no specific facts as to why counsel advising Petitioner not to file a notice of appeal falls outside of the range of professional competence. Indeed, Petitioner does not state what sentence he "feels" would have been reasonable or why. Vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551,1559 (11th Cir. 1991).

At his guilty plea hearing, Petitioner agreed with the factual basis supporting his plea, and admitted he possessed with the intent of distributing over 5 grams of methamphetamine. (CR. Dkt 37, pp.18-19). When Petitioner was given the chance to voice any concerns about his plea, Petitioner stated he was satisfied. (CR. Dkt. 37, p. 19).

At sentencing, Petitioner did not make any objections to the advisory guideline imprisonment range of 108-135 months calculated in the pre-sentence report. (CR Dkt. 39, pp. 17-18). This Court determined a sentence of 120 months, which falls within the

USPO calculated guidelines, was appropriate. (CR. Dkt. 39, pp. 18-19). Imposition of a sentence within the properly calculated guidelines range "significantly increases" the likelihood that the sentence is substantively reasonable. (*Rita v. U.S*., 551 U.S. 338, 347, 350-1, (2007).

Having failed to show his sentence was unreasonable, Petitioner fails to demonstrate his counsel performed deficiently in recommending that no appeal be filed. Therefore, this ground of Petitioner's instant habeas motion fails.

**Ground Three:**     Counsel was ineffective because counsel failed to argue at sentencing the "reasonableness" of the sentence because of the low amount of drugs.

Petitioner is mistaken. At the sentencing hearing on July 6, 2011, Petitioner's counsel argued the next lower range of 87 to 108 months was a more reasonable sentence because Petitioner only possessed 8 grams more than the quantity that would have placed him in that range. (CR Dkt. 39, p. 3). Petitioner's counsel therefore argued a lower sentence was reasonable. The Court disagreed. Because Petitioner is factually incorrect, the Petitioner is not entitled to relief under 28 U.S.C. § 2255 for this ground.

**Ground Four:**     Counsel was ineffective because counsel did not show Petitioner any discovery or evidence pertaining to the charges.

Since Petitioner was not prejudiced as required by the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984), the controlling authority in claims regarding ineffective counsel, it is unnecessary for the Court to address *Strickland's* first prong. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective

assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.")

Petitioner does not identify any specific piece of evidence he claims should have been shown to him, nor described how this evidence would have altered his decision to plead guilty. Vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551,1559 (11th Cir. 1991).

Prejudice cannot be shown here because the evidence was explained to Petitioner at his guilty plea hearing. The Magistrate Judge reviewed the evidence against Petitioner, and Petitioner agreed that it was factually correct and had no objections. (CR. Dkt 37, pp. 18-20). The prosecutor outlined the facts the Government could prove at trial and Petitioner was asked if this was an accurate statement of what he did, to which he replied "yes". (CR. Dkt. 37, p. 21). Therefore, Petitioner knew what evidence the Government had against him.

Prior to sentencing on July 6, 2011, Petitioner again reviewed the evidence in the Presentence Investigation Report (hereafter "PSR") to which he offered no objection. (CR. Dkt. 39, pp.17-19). The PSR describes the following evidence against the Petitioner:

> During late March 2010 to early May 2010 a Paso County Sheriff's Office (PCS)) undercover detective (UC) worked with a PCSO confidential source to purchase methamphetamine from Benjamin Tarango inside Tarango's residence at 14751 Blanton Street, Dade City, Florida. The UC made five purchases of methamphetamine from Tarango from March 25, 2010, to May 5, 2010.

On March 25, 2010 the UC purchased 6.5 grams of methamphetamine from Tarango in exchange for $450. The lab report related to this transaction found that the actual amount of methamphetamine in this was 3.4 grams.

On March 26, 2010 The UC purchased 13.6 grams of methamphetamine from Tarango in exchange for $900. The lab report related to this transaction found that the actual amount of methamphetamine in this sale 5.6 grams.

On March 26, 2010, the UC made a second purchase of 42 grams of methamphetamine from Tarango in exchange for $2,600. The lab report related to this transaction found that the actual amount of methamphetamine this sale was 13.9 grams.

On March 29, 2010, the UC purchased 13.8 grams of methamphetamine from Tarango in exchange for $900. The lab related to this transaction report found that the actual amount of methamphetamine in this sale was 5.8 grams.

On May 5, 2010, the UC purchased 67.7 grams of methamphetamine from Tarango in exchange for $4,400. The lab report related to this transaction found that the actual amount of methamphetamine in this sale was 28.8 grams.

The total actual methamphetamine Tarango sold to the UC is 57.5 grams.

(PSR Pages 5-6, filed under seal)

Because of these facts, Petitioner cannot show that he was prejudiced in the alleged nondisclosure of evidence and discovery by counsel. Therefore, the Petitioner is not entitled to relief under 28 U.S.C. § 2255 for this ground.

It is therefore ORDERED AND ADJUDGED that:

1.     The petition for writ of habeas corpus (CV Dkt. 1) is DENIED.

2.     The Clerk is directed to enter judgment in favor of Respondent and against the Petitioner, terminate any pending motions, and close this file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED on this 25th day of January, 2013, at Tampa, Florida.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2012\12-cv-1469 Tarango deny 2255.docx